# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH J. WALLACE,** | : | Civil Action No. 1:08-cv-01336 |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **DAVID J. EBBERT,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

**I.    INTRODUCTION**

Petitioner Kenneth J. Wallace ("Wallace"), an inmate currently incarcerated at the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction in the United States District Court for the Northern District of Illinois, Eastern Division.  (Doc. No. 1.) Wallace is proceeding pro se and filed a motion for leave to proceed in forma pauperis.  (Doc. No. 5.)  This matter is before the Court for screening.  See 28 U.S.C. § 2243.  For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

**II.    BACKGROUND**

In his petition, Wallace states that in October 2006 he was convicted after a jury trial in the United States District Court for the Northern District of Illinois, Eastern Division, of two counts of telephone facilitation in violation of 21 U.S.C. § 843(b).  (Doc. No. 2 at 1.)  On February 6, 2007, he was sentenced to consecutive terms of imprisonment of forty-eight (48) months.  (Id.)  Following sentencing, Wallace signed a waiver of his right to appeal his conviction and sentence.  (Id. at 20.)  Thus, Wallace did not file a direct appeal.  Further, he did

not file a motion attacking his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.  On July 15, 2008, Wallace filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence.  (Doc. No. 1.)

### III.     DISCUSSION

The instant § 2241 petition is before the Court for preliminary consideration.  Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

A challenge to a federal criminal defendant's conviction or sentence, as in the instant case, is most properly brought as a motion pursuant to 28 U.S.C. § 2255 filed in the district court in the district where he was convicted.[1]  United States v. Addonizio, 442 U.S. 178, 185 (1979); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  As a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction.  Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972).  "Section

---

[1] Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).

2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000)).

A defendant can pursue a § 2241 petition only when he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be a "limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)). "It is the inefficacy of the remedy, not a personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39; see also Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) ("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive § 2255 motion "does not make a § 2255 inadequate or ineffective."); Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In Cradle, the United States Court of Appeals for the Third Circuit emphasized that a § 2255 motion is not inadequate or ineffective to test the legality of a federal prisoner's detention, so as to permit the prisoner to seek habeas relief pursuant to § 2241, merely because the sentencing court had denied relief, because the one-year statute of limitations had expired, or because the prisoner was unable to meet the stringent gatekeeping requirements of § 2255. Cradle, 290 F.3d at 539. Rather, the court in Cradle held that the habeas exception recognized in

§ 2255 was merely to make sure that petitioners had a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.  Id.

Moreover, as stated in Dorsainvil, the availability of the § 2241 remedy to challenge a federal conviction is extremely limited.  Dorsainvil, 119 F.3d at 250.  A prisoner can pursue habeas relief under the safety-valve clause of § 2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal.  See Brown, 167 F. Supp. 2d at 726-27.

In the instant case, Wallace challenges the legality of his detention.  Specifically, he contends that his 2006 conviction for telephone facilitation is invalid because when he was acquitted of the underlying drug offense there was insufficient evidence to convict him of the related telephone facilitation charges.  (Doc. No. 2 at 4.)  In a related claim, he alleges that he is "actually innocent" and his conviction was upheld merely because of the ineffective assistance of trial counsel in filing a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(c) which was "perfunctory; underdeveloped and unsupported by pertinent authority."  (Id. at 6.)  Thus, Wallace contends that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention because he is "actually innocent."

Clearly, Wallace has not demonstrated that the remedy under § 2255 would be inadequate or ineffective to test the legality of his detention.  He did not file a direct appeal or a § 2255 motion in the sentencing court.  Wallace's claim that he is actually innocent and therefore a remedy under § 2241 is his only recourse is unavailing.  A claim of actual innocence is not sufficient if the petitioner had a reasonable opportunity to raise that claim in a § 2255 motion.  See Russell v. Pugh, 143 Fed. App'x 408, 410 (3d Cir. 2005) (nonprecedential); Abdullah v.

Hedrick, 392 F.3d 957, 963 (8 Cir. 2004) (finding petitioner who had one previous unobstructed procedural opportunity to present his claim cannot invoke § 2241). Such a claim must be pursued in the sentencing court.

Further, in his petition Wallace offers no further explanation or reasoning as to why his instant claims relating to his conviction and sentence could not have been timely brought under § 2255. The fact that Wallace may now be time barred from bringing a § 2255 motion does not mean that the remedy itself is inadequate or ineffective. Rather, Wallace has demonstrated only his personal inability to employ the remedy. The legislative limitations placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this Court.

Moreover, Wallace's claims do not fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief would be available. Again, in Dorsainvil, the Third Circuit held that § 2241 relief was available only to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law has made no longer criminal. Dorsanvil, 119 F.3d at 251. Wallace has not alleged that a change in substantive law has made him innocent of the federal charges against him. Therefore, under the Dorsainvil exception outlined above, § 2241 relief is not an available remedial device for him.

In sum, Wallace has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence. Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Of course, dismissal has no effect on Wallace's right to file a § 2255 motion in the Northern District of Illinois. As noted above, there is no jurisdictional bar to such a motion. That a § 2255 motion

would likely be untimely is clear; however, the statute of limitations is an affirmative defense that must be raised by the government, see United States v. Bendolph, 409 F.3d 155, 164 (3d Cir. 2005), or by the court, if it decides to do so sua sponte, id. at 166.

An appropriate order will issue.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH J. WALLACE,** | : | Civil Action No. 1:08-cv-01336 |
| **Petitioner** | : | |
| v. | : | **(Chief Judge Kane)** |
| **DAVID J. EBBERT,** | : | |
| **Respondent** | : | |

**ORDER**

**AND NOW**, this 19th day of November, 2008, upon consideration of the petition for writ of habeas corpus (Doc. No. 1), and for the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT**:

1. The motion for leave to proceed in forma pauperis (Doc. No. 5) is **GRANTED** for the sole purpose of filing the petition.

2. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) is **DISMISSED** for lack of jurisdiction.

3. The Clerk of Court is directed to **CLOSE** this case.

          S/ Yvette Kane
          Yvette Kane, Chief Judge
          Middle District of Pennsylvania